COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


CLINCHFIELD COAL COMPANY
                                              OPINION BY
v.        Record No. 1876-95-3    JUDGE JOHANNA L. FITZPATRICK
                                              MAY 21, 1996
TOMMY B. PARROTT


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Ramesh Murthy (Penn, Stuart, Eskridge &
            Jones, on briefs), for appellant.

            Gerald F. Sharp (Browning, Lamie & Sharp, on
            brief), for appellee.


        In this workers' compensation case, Clinchfield Coal Company

(employer) appeals the commission's decision awarding benefits to

Tommy B. Parrott (claimant).  Employer argues that the commission

erred in finding that claimant was unable to return to his pre-

injury employment.  For the reasons that follow, we affirm the

commission.

        On January 31, 1994, while working for employer, claimant

injured his back when he slipped on icy steps.  Claimant's

primary work for employer was as a dryer operator.  He performed

additional mechanical work as requested on an infrequent basis.

This usually occurred when he was scheduled to work on a Saturday

or when the dryer was not operating.  Because claimant worked few

Saturdays and the plant was running at full production, claimant

worked as a dryer operator ninety percent of the time and

performed mechanical work ten percent of the time.  Employer

provided equipment such as chain falls and come-alongs[1] to assist employees performing mechanical work, but did not require its employees to use this equipment.  Employer was aware that claimant and other mechanics normally performed their mechanical duties by manually lifting heavy objects in excess of forty pounds.  Often, because of tightness of quarters, the mechanics were unable to use the equipment provided by employer to assist with the lifting and moving.

After his accident, claimant continued to work for employer until April 13, 1994, when he was terminated for reasons unrelated to his industrial accident.  Employer recalled claimant to work for three days in June 1994, but the mechanical work that claimant performed during that period aggravated his back condition.  On June 13, 1994, claimant's treating physician, Dr. Taylor D. Holliday, authorized his removal from the workplace. On July 18, 1994, claimant's orthopedic doctor, Dr. Neal A. Jewell, placed lifting restrictions on claimant--"40 pounds occasionally and 10 pounds frequently"--and released claimant to return to work effective July 25, 1994.

---

[1]A chain fall is similar to a differential pulley, which consists of "a fixed upper double block with pulleys of different diameters fixed together on the same axis, a movable single lower pulley that carries the load, and an endless cable or chain that passes around all the pulleys and hangs in a loop for operating the mechanism which is used to achieve a very high mechanical advantage."  Webster's Third New International Dictionary 630 (1986).  A come-along is "a gripping device (as for pulling in or stretching wire) consisting of two jaws so attached to a ring that they are closed by pulling the ring."  Webster's Dictionary, supra, at 453.

The commission found that "the evidence in this case reveals that the mechanical duties performed by claimant were incidental to his employment with [employer] and that as a matter of course he and others would manually lift in excess of forty pounds to accomplish these duties."  Additionally, the commission determined that the fact "[t]hat these duties were infrequently performed does not diminish the fact that they were expected to be performed and that they were actually performed by manually lifting in excess of the claimant's work restrictions."

Employer argues that the commission erred in finding that claimant was unable to return to his pre-injury employment and asserts that claimant was able to perform the essential functions of his pre-injury employment by using the equipment provided by employer.

On appeal, "we review the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence."  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In a workers' compensation case, "[t]he threshold test of compensability is whether the employee is 'able fully to perform the duties of his preinjury employment.'"  Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (emphasis

added) (quoting Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)).  The commission has held that, "[i]n determining whether an injured employee can return to his or her pre-injury employment duties the Commission does not look at how the duties could ideally be performed, but rather, how the duties were actually performed."  Hester v. Country Club of Virginia, Inc., VWC File No. 154-65-86 (May 10, 1994) (emphasis added).  We agree with the commission and hold that the normal and customary manner in which the pre-injury work was performed governs the determination of whether a claimant is able to return to that employment.

In Hester, the claimant was an assistant manager at a country club.  She injured her back while working for the country club, and her treating physician advised against heavy lifting.  Slip op. at 1-3.  As an assistant manager, the claimant's responsibilities included supervising the staff and helping them set up tables, move chairs, and carry heavy trays and boxes.  She also unpacked and shelved boxes of liquor because staff members were not allowed in the liquor room.  Slip op. at 3-4.  Examining "how [the claimant's] duties were actually performed," the commission found that, although staff members assisted the claimant with heavy lifting, her "pre-injury job required her to achieve results and this required her to perform physical labor on occasion when the staffing was insufficient."  Slip op. at 5.

Similarly, in the instant case, the evidence established

4

that claimant's duties as a mechanic involved lifting in excess of the restrictions imposed by his doctor.  Thus, claimant was unable to "fully perform" the duties of his pre-injury employment.  Although employer provided equipment that might aid employees lifting heavy objects, claimant and other mechanics often performed their mechanical duties by manually lifting these objects rather than using employer's equipment.  Employer was aware that the mechanics did not always use the equipment, but did not require its use.  Additionally, due to the tightness of the quarters where the work was to be performed, the mechanics were often unable to use the equipment provided by employer.  Under these circumstances, credible evidence supports the commission's finding that claimant was unable to return to his pre-injury employment.

Accordingly, the decision of the commission is affirmed.

Affirmed.