COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HARMAN MINING CORPORATION AND
 SECURITY INSURANCE COMPANY
 OF HARTFORD
                                    MEMORANDUM OPINION*
v.    Record No. 0267-99-4               PER CURIAM
                                         JUNE 8, 1999
JOHN THACKER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Thornton L. Newlon; Blandford & Newlon, on
          briefs), for appellants.

          (Daniel Sachs, on brief), for appellee.


     Harman Mining Corporation and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission (1) incorrectly applied the test set forth by this

Court in Clinchfield Coal Co. v. Parrot, 22 Va. App. 443, 470

S.E.2d 597 (1996), with respect to whether an injured employee is

able to return to pre-injury employment; and (2) erred in finding

that employer failed to prove that John Thacker was able to return

to his pre-injury work as of February 9, 1998.  Upon reviewing the

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change-in-condition application and in finding that employer failed to prove that Thacker was able to fully perform his pre-injury work, the commission found as follows:

> [T]he "clean" weight of the miner cable is 4.8 pounds per foot, resulting in an approximate total weight of between 48 and 72 pounds.  Although a miner helper was assigned to assist [Thacker] in his pre-injury work, including lifting the miner cable, it is uncontroverted that sometimes a miner helper was absent or not available.  Whether such occurrence was frequent or infrequent is of no consequence, because [Thacker] was restricted from even occasionally lifting in excess of 70 pounds.

. . . [C]laimant's pre-injury job required occasional lifting of the miner cable without assistance. In the July 17, 1998, Opinion, the deputy commissioner stated that lifting 15 feet of miner cable was within [Thacker's] job description, based on a per-foot weight of 4.5 pounds. As noted above, however, the evidence establishes that the cable weighed 4.8 pounds per foot. Moreover, this weight does not take into account any debris on the cable, the weight of the water line, and the effect of the equipment carried by [Thacker] while performing his duties. As for Dr. [Clinton] Sutherland's release of [Thacker], it is based on the job description provided by the employer, which does not account for occasional lifting of the miner cable without assistance.

(Footnote omitted.)

The commission's findings that Dr. Sutherland's release was based upon an incomplete and/or inaccurate job description and that the manner in which claimant actually performed his job fell outside of Dr. Sutherland's restrictions are supported by Thacker's testimony. As fact finder, the commission was entitled to accept Thacker's testimony regarding his job duties and to reject any contrary testimony.

Thus, we cannot say as a matter of law that employer's evidence sustained its burden of proving by a preponderance of the evidence that Thacker was capable of performing all of the duties of his pre-injury employment as of February 9, 1998.

Contrary to employer's argument, the commission's holding in this case was not inconsistent with our holding in Parrott. In Parrott, we reaffirmed the principle that "'[i]n determining

- 3 -

whether an injured employee can return to his or her pre-injury employment duties the Commission does not look at how the duties could ideally be performed, but rather, how the duties were actually performed.'"  22 Va. App. at 447, 470 S.E.2d at 598-99 (citation omitted).  Here, Thacker's testimony, which the commission was entitled to accept, established "how the duties were actually performed," or in other words, the "normal and customary manner in which the pre-injury work was performed." Id. at 447, 470 S.E.2d at 599.

For the reasons stated, we affirm the commission's decision.

Affirmed.