COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Duff
Argued at Alexandria, Virginia

DAVEY TREE EXPERT SERVICE COMPANY
AND
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
                                          OPINION BY
v.   Record No.  1892-94-4          JUDGE CHARLES H. DUFF
                                          MAY 9, 1995
MORRIS ALLEN ACUFF

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Robert C. Baker, Jr. (Mell, Brownell & Baker, on
               brief), for appellants.

               Nikolas E. Parthemos (Prosser, Parthemos & Bryant,
               P.C., on brief), for appellee.


     Davey Tree Expert Service Company ("Davey Tree" or

"employer") and its insurer appeal a decision of the Workers'

Compensation Commission awarding temporary partial disability

benefits to Morris Allen Acuff (claimant).  Finding no error, we

affirm the commission's decision.

     The facts are undisputed.  On June 6, 1989, claimant

suffered a compensable right ankle injury while working for Davey

Tree as a sales service technician, earning an average weekly

wage of $482.46.  Claimant's job entailed spraying and

fertilizing trees and shrubs, and general lawn care.  On February

1, 1990, claimant returned to his regular pre-injury work.  He

performed all of the duties of his pre-injury work until March

1992, when he voluntarily resigned from his job with Davey Tree.

 Claimant testified that he resigned in order to take a full-time

1

position with Preston County Senior Citizens, Inc. ("Preston") as a dispatcher. He stated that he took the dispatcher's job because it was closer to his home, the work was easier, and there were no seasonal layoffs. He admitted that he did not resign from his job with Davey Tree due to any doctor's orders. The dispatcher's job paid an average weekly wage of $280.

On April 3, 1992, claimant suffered an injury at home to his left ankle. In its February 4, 1993 opinion, the commission determined that this injury was a compensable consequence of claimant's June 1989 work-related injury. The employer did not appeal this decision. In April 1993, claimant underwent left ankle surgery, and the employer paid him temporary total disability benefits beginning April 6, 1993, based upon his income with Davey Tree. On June 14, 1993, claimant returned to his regular, full-time duties as a dispatcher for Preston. His dispatcher job did not require walking and primarily involved desk work. At the time of his June 1993 release to return to work, claimant was placed under restrictions, which would have prevented him from returning to his pre-injury job with Davey Tree.

In August 1993, the employer filed an application seeking to terminate the temporary total compensation benefits being paid as the claimant had returned to work for Preston. The claimant also filed for a hearing to change the outstanding temporary total award to temporary partial disability based upon the difference

2

between his wages at Davey Tree and those he was earning at Preston. Employer argued that claimant's wage loss was caused by his voluntary act of resigning from his pre-injury job prior to the 1992 compensable consequence injury. Employer further asserted that, because claimant was able to return to full-time employment with Preston following the 1992 compensable consequence injury, he was not entitled to temporary partial disability benefits. Claimant contended that he was entitled to an award of temporary partial disability benefits, because, as a result of the 1992 compensable consequence injury, he no longer had the capacity to perform all of the duties of his pre-injury job with Davey Tree.

In awarding temporary partial disability benefits to claimant, the commission found as follows:

> In the case of partial incapacity resulting from a work injury, § 65.2-502 mandates that compensation be paid to a claimant based on the difference between the average weekly wage before the injury and the average weekly wage that he is <u>able to earn</u> thereafter. Although post-injury earnings is the "best evidence" of the claimant's ability to earn, it is not the only factor that can be considered. <u>Sorrell v. Westinghouse Elec. Corp.</u>, 48 O.I.C. 225. Clearly, however, the comparison to be made is between the job at which the claimant was engaged at the time of his injury versus what he is capable of doing after he has recovered from the <u>injury</u> and its compensable consequences. If in this case, claimant had recovered from the [1992] "compensable consequence injury" to the point that he could return to his pre-injury job with Davey Tree, then the claimant's current wage loss would continue to be due to his voluntary act rather then the work injury. However, the evidence is undisputed that the

3

claimant cannot return to his pre-injury work unless employer agrees to accommodate his restrictions. No evidence exists in the record that such an offer of accommodation was ever made.[1]

Our standard of review is as follows:
This appeal does not present a case of conflicting evidence or a dispute concerning the commission's findings of fact. When the issue is the sufficiency of the evidence and there is no conflict in the evidence, the issue is purely a question of law. This Court is not bound by the legal determinations made by the commission. "[W]e must inquire to determine if the correct legal conclusion has been reached."

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)) (other citations omitted), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

Code § 65.2-502 provides for temporary partial disability benefits equal to two-thirds of the difference between a claimant's average weekly wage before the work-related injury and the average weekly wage which he is able to earn thereafter. (Emphasis added.)
The purpose of the Workers' Compensation Act is to provide compensation to an employee for the loss of his opportunity to engage in work, when his disability is occasioned by an injury suffered from an accident arising out

---

[1]The commission noted that had the employer offered claimant a position of any kind, and had claimant refused that job, then its decision might have been different. However, no evidence was presented to the commission that, had claimant still been employed by employer at the time of his 1992 injury, employer would have provided him work within his restrictions subsequent to his recovery from that injury.

4

> of and in the course of his employment. The
> Act should be liberally construed in harmony
> with its humane purpose.

Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (en banc) (citations omitted).

The commission's legal conclusions, based upon its undisputed findings of fact, are consistent with the plain meaning of Code § 65.2-502 and the overall purpose of the Workers' Compensation Act.

Prior to his 1992 compensable consequence injury, claimant was not restricted from performing any of the duties required of him in his job with Davey Tree. Claimant had voluntarily resigned from that job and was no longer receiving disability benefits. After the 1992 compensable consequence injury and claimant's subsequent surgery in April 1993, claimant was released to return to his regular full-time work for Preston. However, he was placed under restrictions which would have prevented him from performing all of the duties required of him in his pre-injury work for Davey Tree. Thus, the commission correctly determined that claimant was entitled to temporary partial disability benefits to compensate him for this loss of capability to engage in his pre-injury work. The loss was caused by claimant's 1992 compensable consequence injury and subsequent surgery, not by his voluntary resignation from his job with Davey Tree.

The employer incorrectly focuses upon the fact that claimant

5

was able to perform his full-time dispatcher duties without restriction at the time of his June 1993 release. Employer's argument fails to recognize that claimant suffered a wage loss because, if he desired to do so, he was no longer physically able to perform his pre-injury work. Claimant's ability to earn a higher average weekly wage was impaired due to the compensable consequence injury and not to his voluntary resignation. Therefore, the commission did not err in awarding compensation benefits to claimant.

The cases cited by employer are distinguishable from this case. In Yager v. Noah P. Turner Landscaping, Inc., 68 O.I.C. 7 (1989), the claimant was offered a job which would have paid more than his pre-injury work. For reasons unrelated to his injury, the claimant refused the offer and accepted a lower paying job elsewhere. In this case, no evidence was presented that employer offered claimant a job within his restrictions after his 1992 compensable consequence injury and subsequent recovery. Moreover, contrary to employer's assertion in its brief, no evidence proved that claimant's voluntary resignation precluded employer from offering him a modified position.

In Baskerville v. Saunders Oil Co., Inc., 1 Va. App. 188, 336 S.E.2d 512 (1985); Raffield v. Prince William County Sch. Bd., 62 O.I.C. 362 (1983); and Sorrell v. Westinghouse Elec. Corp., 48 O.I.C at 226, the claimants voluntarily removed themselves from the labor market. There was no evidence of any

loss of capacity to earn income, and thus, no compensation was awarded. In <u>Chesapeake & Potomac Telephone Co. v. Murphy</u>, 12 Va. App. 633, 406 S.E.2d 190, <u>aff'd en banc</u>, 13 Va. App. 304, 411 S.E.2d 444 (1991), the claimant was denied partial compensation benefits because he was terminated for cause from selective employment. Finally, in <u>Eppling v. Schultz Dining Programs/Commonwealth</u>, 18 Va. App. 125, 442 S.E.2d 219 (1994), the claimant's wage loss was caused by his wrongful act. None of these cases are factually similar to this appeal.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>