COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


CONSOLIDATED STORES CORPORATION and
 LUMBERMENS MUTUAL CASUALTY COMPANY
                                    OPINION BY
v.        Record No. 2897-96-3    JUDGE JERE M. H. WILLIS, JR.
                                      JUNE 24, 1997
SANDRA C. GRAHAM


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Monica L. Taylor (Thomas H. Miller; Gentry,
           Locke, Rakes & Moore, on brief), for
           appellants.

           Carr L. Kinder, Jr. (Kinder & Fogel, P.C., on
           brief), for appellee.


     Consolidated Stores Corporation and Lumbermens Mutual

Casualty Company (Consolidated) appeal the decision of the

Workers' Compensation Commission reinstating an award of

compensation benefits to Sandra C. Graham.  Consolidated contends

that the commission erred in finding that Ms. Graham's wage loss

was attributable to her work injury, rather than to economic

conditions at the workplace.  We affirm the award of the

commission.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

The findings of the commission are conclusive and binding if

supported by credible evidence.  Morris v. Badger Powhatan/Figgie

Int'l Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Ms. Graham injured her arm in a job-related accident. At the time of her injury, she was a part-time stocker, working four hours per day, six days per week. Her average weekly wage was $108. She received temporary total disability benefits from January 20, 1994 through January 9, 1996.

On October 16, 1995, Dr. Brian Torre, Ms. Graham's treating physician, authorized her to perform light duty work. Subsequently, Dr. Torre approved Ms. Graham for a light duty position as a part-time sales clerk. On December 27, 1995, Consolidated offered Ms. Graham a part-time sales clerk position at her previous hourly wage. Ms. Graham accepted the job and began work on January 10, 1996. Due to economic conditions, Consolidated assigned Ms. Graham a reduced number of hours, resulting in an average weekly wage of less than $108.

Citing her return to light duty work at her pre-injury hourly wage, Consolidated filed an application with the commission seeking a suspension of Ms. Graham's benefits. The deputy commissioner terminated Ms. Graham's award. He found that Consolidated had proven that Ms. Graham "was released to her pre-injury employment and that any diminution in hours worked was a product of the down turn in business rather than an inability to perform the work activities."

On review, the full commission reversed the deputy commissioner's decision. The commission found that Ms. Graham had not been released to her pre-injury job and that she was not

performing all of her pre-injury duties.  Accordingly, it held that "[t]he fact that the availability of light duty work is limited due to economic conditions does not diminish the claimant's right to compensation when the injury prevents her from performing her regular job."  The commission awarded Ms. Graham temporary partial disability compensation benefits of $53.07 per week.

Consolidated contends that the decline in Ms. Graham's average weekly wage upon her return to work resulted from poor economic conditions, not from her work injury.  Consolidated argues that although Ms. Graham was not re-employed as a stocker, she received an equivalent position providing her with the same part-time status and hourly wage that she had enjoyed prior to her injury.  We find that credible evidence supports the commission's decision.

"The threshold test for compensability is whether the employee is 'able fully to perform the duties of his preinjury employment.'"  Celanese Fibers v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (quoting Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)).  Prior to her injury, Ms. Graham was a stocker.  In January, 1996, Consolidated rehired her as a cashier/store clerk.  Despite voluminous medical evidence detailing a general lack of objective support for her subjective complaints, none of her medical doctors released her to work as a stocker.  Her assigned duties as a "store clerk" are

not commensurate with those of a stocker.[1]

During a period of partial incapacity, a claimant performing work remains entitled to compensation benefits, determined in part by calculating the difference between the claimant's average weekly wage before and after the injury. Code § 65.2-502. Thus, by providing suitable alternative employment to a claimant, an employer may avoid paying compensation benefits. However, the employer's financial condition and the availability of alternative work do not affect the claimant's right to compensation due to an impaired capacity to perform his pre-injury duties.

Ms. Graham was not released to return to her duties as a stocker. She was not restored to her pre-injury capacity. Therefore, Consolidated remains liable to Ms. Graham, because its duty to compensate her has not been eliminated by the provision of alternative light duty work.

The decision of the commission is affirmed.

<u>Affirmed.</u>

---

[1]The responsibilities of a sales clerk position include: consumer assistance, operation of a cash register, merchandise recovery, and the ticketing and stocking of merchandise. The job description requires the "[a]bility to lift a minimum of 10 pounds and perform physical activity at a sustained pace . . . ." However, Dr. Torre's approval of the position specifically exempted Ms. Graham from unloading delivery trucks.