COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


NORFOLK SHIPBUILDING AND DRYDOCK CORPORATION

v.    Record No. 3115-96-1

BARBARA DIANE GORSKI                          MEMORANDUM OPINION[*] BY
                                         JUDGE SAM W. COLEMAN III
BARBARA DIANE GORSKI                            AUGUST 12, 1997

v.    Record No. 3131-96-1

NORFOLK SHIPBUILDING AND DRYDOCK CORPORATION

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


            Bradford C. Jacob (Taylor & Walker, P.C., on
            briefs), for Norfolk Shipbuilding and Drydock
            Corporation.

            Gregory E. Camden (Rutter & Montagna, L.L.P.,
            on briefs), for Barbara Diane Gorski.


        In this appeal from the Workers' Compensation Commission,

the parties raise two issues.  First, the claimant contends that

the commission erred by finding that she was not entitled to

temporary partial disability benefits from September 20, 1995 to

December 15, 1995, a period in which she had returned to work in

a light duty capacity but was not offered overtime work as she

had been offered in her pre-injury job.  Second, the employer

contends that the commission erred in finding that the claimant

made a reasonable effort to market her residual work capacity.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

For the following reasons, we reverse and remand the decision on temporary partial disability benefits and we affirm the commission's decision on marketing.

TEMPORARY PARTIAL DISABILITY BENEFITS

Two recent decisions control the issue of whether the partially disabled claimant is entitled to benefits because her light duty job has not included overtime wages as did her pre-injury work. In <u>Carr v. Virginia Elec. & Power Co.</u>, ___ Va. App. ___, ___ S.E.2d ___ (1997), and <u>Consolidated Stores Corp. v. Graham</u>, 25 Va. App. 133, 486 S.E.2d 576 (1997), we held that when a claimant who has not been released to his or her pre-injury duties is offered and accepts light duty work from the employer which does not include overtime that was previously part of the pre-injury job, "the availability of alternative [overtime] work [does] not affect the claimant's right to compensation due to an impaired capacity to perform [her] pre-injury duties." <u>Consolidated Stores</u>, 25 Va. App. at 137, 486 S.E.2d at 578. The underlying theory is that the partial incapacity has caused the employee to earn a lesser post-injury wage than his or her pre-injury wage. Thus, if a claimant who has not recovered his or her "pre-injury capacity" suffers a wage loss in the light duty position by virtue of the fact that overtime work, which was previously available, enabled the employee to earn a particular wage and the employee is not able to earn that same wage because overtime is unavailable in the light duty position, he or she is

- 2 -

entitled to temporary partial disability benefits to compensate for the wage loss incurred.  See Carr, ___ Va. App. at ___, ___ S.E.2d at ___; Consolidated Stores, 25 Va. App. at 136-37, 486 S.E.2d at 578.

The uncontradicted evidence in this case proves that the claimant consistently accepted overtime hours that were offered to her in her pre-injury employment.  However, in her light duty employment, she was not offered overtime hours.  The employee's average weekly wage earned prior to her injury was greater than the average weekly wage earned in the light duty work because of the lack of available overtime in the light duty work.  Thus, she may have suffered a post-injury loss in wages.  Accordingly, we reverse and remand for a calculation of temporary partial disability benefits for the period of September 20, 1995 to December 15, 1995, based upon an average pre-injury weekly wage including overtime earnings.

### MARKETING EFFORTS

In order to qualify for continuing benefits, a claimant who has reached maximum medical improvement but remains partially disabled has a duty to make a reasonable effort to market her residual work capacity.  National Linen Serv. v. McGuinn, 8 Va. App. 267, 269, 380 S.E.2d 31, 33 (1989).  The burden is on the claimant to show that she has made a reasonable effort to obtain work but has been unable to do so.  Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 655

(1985).  What constitutes a reasonable marketing effort is determined by the facts and circumstances of each case.  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).

"In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to the prevailing party before the commission."  McGuinn, 8 Va. App. at 270, 380 S.E.2d at 33.  The commission's factual findings will be upheld if supported by credible evidence in the record.  Trammell Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 635 (1991).

On this record, we hold that the evidence is sufficient to support the commission's finding that the claimant made a reasonable effort to market her remaining work capacity. Claimant made approximately twenty-five contacts between February and April of 1996 in order to find work suitable to her residual capacity.  She registered with the Virginia Employment Commission and contacted her union concerning job availability outside of Norshipco.  She reviewed want ads from the newspaper and made several phone contacts from those ads.  She also contacted a local community college to get information on vocational training.  Claimant testified that she had difficulty applying for many jobs due to transportation problems.  The deputy commissioner made a credibility finding that Gorski was making an honest effort to search for work.  Thus, we cannot say that she

- 4 -

failed to make a reasonable effort to market her residual work capacity.

Accordingly, we affirm the commission's decision on marketing and reverse and remand for a calculation of temporary partial disability benefits, taking into account the claimant's wage loss due to an unavailability of overtime hours.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>