COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Elder

VIRGINIA POWER

v.    Record No. 1667-97-4

TIM B. BRUESER

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 16, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Glenn S. Phelps; Midkiff & Hiner, on brief),
for appellant.

(Craig A. Brown; Ashcraft & Gerel, on brief),
for appellee.


Virginia Power (employer) contends that the Workers' Compensation Commission erred in awarding temporary partial disability benefits to Tim B. Brueser (claimant) based upon pay for overtime hours that claimant was not offered when he returned to light duty work with employer.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

Two recent decisions control the issue of whether the partially disabled claimant is entitled to benefits because his light duty job has not included overtime wages as did his pre-injury work.  In Carr v. Virginia Electric & Power Co., 25 Va. App. 306, 487 S.E.2d 878 (1997), and Consolidated Stores Corp. v. Graham, 25 Va. App. 133, 486 S.E.2d 576 (1997), we held

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

that when a claimant who has not been released to his pre-injury duties is offered and accepts light duty work from the employer which does not include overtime that was previously part of the pre-injury job, "the availability of alternative [overtime] work [does] not affect the claimant's right to compensation due to an impaired capacity to perform his pre-injury duties." Consolidated Stores, 25 Va. App. at 137, 486 S.E.2d at 578. The underlying theory is that the partial incapacity has caused the employee to earn a lesser post-injury wage than his pre-injury wage. Thus, if a claimant who has not recovered his "pre-injury capacity" suffers a wage loss in the light duty position by virtue of the fact that overtime work, which was previously available, enabled the employee to earn a particular wage and the employee is not able to earn that same wage because overtime is unavailable in the light duty position, he is entitled to temporary partial disability benefits to compensate for the wage loss incurred. See Carr, 25 Va. App. at 312, 487 S.E.2d at 881; Consolidated Stores, 25 Va. App. at 136-37, 486 S.E.2d at 578.

The uncontradicted evidence in this case proves that the claimant has not been released to his pre-injury capacity as an electric serviceman – first class. The evidence also proves that claimant consistently accepted overtime hours that were offered to him in his pre-injury employment. However, in his light duty employment, he was not offered overtime hours, whereas other employees in claimant's pre-injury job classification continued

to receive overtime.  Claimant's average weekly wage earned prior to his injury was greater than the average weekly wage earned in the light duty work because of the lack of available overtime in the light duty work.  Thus, he suffered a post-injury wage loss.

 "[E]mployer's inability to predict the available overtime to the [electric servicemen] during the period in question does not diminish claimant's right to compensation, as his work-related injury prevents him from performing [electric serviceman] duties, and employer remains liable for the wage loss suffered by claimant."  Carr, 25 Va. App. at 312, 487 S.E.2d at 881.

   For these reasons, we affirm the commission's decision.

                                                    Affirmed.