COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY
                                          MEMORANDUM OPINION*
v.    Record No. 2410-98-1                     PER CURIAM

CURTIS L. FAWCETT


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Benjamin M. Mason; Mason & Mason, P.C., on
              brief), for appellant.

              (Gregory E. Camden; Montagna, Klein & Camden,
              L.L.P., on brief), for appellee.


      Newport News Shipbuilding and Dry Dock Company contends that

the Workers' Compensation Commission erred in finding that

Curtis L. Fawcett proved that he was entitled to temporary partial

disability benefits for the period September 3, 1996 through July

12, 1997, for a loss of overtime he incurred after he returned to

selective employment offered to him by employer.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

      This Court's recent decisions in Carr v. Virginia Electric &

Power Co., 25 Va. App. 306, 487 S.E.2d 878 (1997), and

      *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Consolidated Stores Corp. v. Graham, 25 Va. App. 133, 486 S.E.2d 576 (1997), control the issue whether the partially disabled employee is entitled to benefits because his selective employment has not included overtime wages as did his pre-injury work. When an employee who has not been released to his pre-injury duties has selective employment with the employer which does not include overtime that was previously part of the pre-injury job, "the availability of alternative [overtime] work [does] not affect the [employee's] right to compensation due to an impaired capacity to perform his pre-injury duties." Graham, 25 Va. App. at 137, 486 S.E.2d at 578. The underlying theory is that the partial incapacity has caused the employee to earn a lesser post-injury wage than his pre-injury wage. Thus, if an employee who has not recovered his "pre-injury capacity" suffers a wage loss in the selective employment because overtime work, which was previously available, enabled the employee to earn a particular wage and the employee is not able to earn that same wage because overtime is unavailable in the selective employment, the employee is entitled to temporary partial disability benefits to compensate for the wage loss. See id. at 136-37, 486 S.E.2d at 578; Carr, 25 Va. App. at 312, 487 S.E.2d at 881.

The uncontradicted evidence in this case proved that Fawcett had not been released to perform the full-duties of his pre-injury job. After Fawcett returned to selective employment offered by

employer, he was no longer afforded overtime hours.  Fawcett's average weekly wage earned prior to his injury was greater than the average weekly wage he earned in his selective employment because of the lack of available overtime in that selective employment.  Thus, he suffered a post-injury wage loss.  The fact that employer assigned Fawcett to selective employment where overtime work was not generally needed or the fact that less overtime was generally available due to general economic conditions did "not diminish [Fawcett's] right to compensation, as his work-related injury prevent[ed] him from performing [his pre-injury duties], and employer remain[ed] liable for the wage loss suffered by [him]."  Carr, 25 Va. App. at 312, 487 S.E.2d at 881.

For these reasons, we affirm the commission's decision.

Affirmed.