COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


METRO MACHINE CORPORATION AND
 LEGION INSURANCE COMPANY
                                        OPINION BY
v.   Record No. 3044-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                      AUGUST 15, 2000
ISAAC L. LAMB


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             F. Nash Bilisoly (Kelly O. Stokes;
             Vandeventer Black, LLP, on briefs), for
             appellants.

             Gregory E. Camden (Montagna, Klein & Camden,
             L.L.P., on brief), for appellee.


     Metro Machine Corporation appeals the Workers' Compensation

Commission's award of benefits to Isaac L. Lamb.  The employer

argues the commission erred (1) in finding the employee's claim

was not barred by the statute of limitations, (2) in finding the

employee was entitled to benefits because he had not been

released to pre-injury work, and (3) in finding he was entitled

to benefits after he was laid off for economic reasons.  For the

following reasons, we affirm.

     On appeal, we view the evidence, and all reasonable

inferences deducible therefrom, in the light most favorable to

the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The

factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court. See Code § 65.2-706; Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

So viewed, the evidence established that the employee worked as a rigger for the employer when he suffered a compensable injury to his back on January 23, 1993. In November 1997, the parties stipulated that the employee was disabled from January 25, 1993 through January 23, 1994 and from September 6, 1994 through October 9, 1994 and that he marketed his residual work capacity.

The employee was a rigger who moved wheels, shelves, pumps, engines, and other equipment from a dock to Navy ships. Riggers worked on the dock and on the ships to move equipment weighing between 40 pounds, which they carried, and five tons. The employee worked in both places. On the dock, riggers moved the heavier equipment with a forklift and four-wheeled dollies. To get the equipment onto the ships, riggers hooked it onto cranes with chain falls, which the employee was able to do by himself. Riggers on the ship received the heavy equipment and maneuvered it to where it belonged. To move the equipment, riggers used the dollies, which they carried to different levels on the ship. Riggers also built scaffolding inside the tanks, which required the ability to manage stairs and to lift and maneuver heavy wooden boards.

-

The employer contends the employee's claim is barred by the statute of limitations. It argues that because the employee did not request a hearing date until June 3, 1997, he failed to establish his work incapacity within two years from the date of his injury. This argument is without merit.

A claim for compensation must be filed within two years after the accident or the claim is forever barred. See Code § 65.2-601.[1] Formal pleadings are not required. See Reese v. Wampler Foods, Inc., 222 Va. 249, 255, 278 S.E.2d 870, 873 (1981). So long as the claimant's notice advises the commission of necessary elements of his claim, "'it activates the right of the employee to compensation and . . . invokes the jurisdiction of the Industrial Commission.'" Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634 (1991) (attorney's letter to commission, which contains required information, satisfied filing requirement) (quoting Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 446, 219 S.E.2d 849, 852 (1975)).

The employee's September 27, 1994 claim letter satisfied the filing requirement. It advised the commission that he suffered an injury to his back while working for the employer on January 23, 1993 and stated a claim "for all benefits to which he is or may be entitled" under the Workers' Compensation Act.

---

[1] Code § 65.2-601 provides, in part, that "[t]he right to compensation under this title shall be forever barred, unless a claim be filed with the commission within two years after the accident."

-

The employer further argues the employee's claim is barred because he did not prove he was disabled within two years of the accident. Contrary to the employer's assertion, the employee is not required to prove the disability during the two-year period. Cf. Southwest Virginia Tire, Inc. v. Bryant, 31 Va. App. 655, 661, 525 S.E.2d 563, 566 (2000) (in change in condition application, claimant not required to produce evidence prior to expiration of two years). Instead, the employee's claim must allege a present and existing disability within two years of the accident, and he must prove that disability to receive benefits. Compare Johnson v. Smith, 16 Va. App. 167, 170, 428 S.E.2d 508, 510 (1993) (commission's denial of benefits reversed where claimant proved disability existed during statute of limitations period), and WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 229, 494 S.E.2d 147, 151 (1997) (benefits denied because disability did not commence until two years after accident).

The fact that the employee did not seek a hearing within two years of the accident does not bar his claim. The parties stipulated to various disability periods, which are supported by the medical records and fall within two years of the accident date. The employee's claim was not barred by the statute of limitations, and the commission did not err.

We reject the employer's alternative argument that Code § 65.2-708 bars the employee's change in condition request because it was untimely. The statute requires a change in

-

condition request to be filed within two years of an award of benefits under the Act. See Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 21, 441 S.E.2d 349, 350-51 (1994) (absent entry of formal award there is nothing to review). The employer contends the employee was last paid compensation under the Longshore and Harbor Workers' Compensation Act on October 4, 1994 and a change in condition application should have been filed by October 5, 1996. An award under the LHWCA, however, is not an award under the Workers' Compensation Act. See Virginia Int'l Terminals v. Moore, 22 Va. App. 396, 402, 470 S.E.2d 574, 577 (1996), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997). We conclude Code § 65.2-708 is inapplicable because there was no prior award under the Act to review.

Next, we consider whether the employee returned to his pre-injury work. The employer argues the employee is not entitled to benefits because he performed his pre-injury work and worked as many hours as other riggers.

"The threshold test of compensability is whether the employee is 'able fully to perform the duties of his preinjury employment.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (quoting Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)). "In determining whether an injured employee can return to his or her pre-injury employment duties the Commission does not look at how the duties could ideally be performed, but rather, how the duties were

-

actually performed." Clinchfield Coal Co. v. Parrot, 22 Va. App. 443, 446-47, 470 S.E.2d 597, 598-99 (1996) (when mechanic's work involves heavy lifting in excess of his doctor's restrictions, he is unable to fully perform his pre-injury duties). See Carr v. Virginia Elec. & Power Co., 25 Va. App. 306, 311-12, 487 S.E.2d 878, 881 (1997) (when employee's range in light duty is not equivalent to pre-injury duties, he is not released to pre-injury capacity).

After his injury, the employee was released to light duty with a 20 pound weight lifting restriction. He was never released from that restriction and his pre-injury duties required him to lift more than that. Much of a rigger's duties involved lifting heavy equipment and wriggling it into place. The chain falls weighed between 20 pounds for a one-ton chain and 60 pounds for a five-ton chain fall. The chain weight varied according to its length. The dollies weighed between 30 and 40 pounds, the rigger's tool bag weighed up to 100 pounds, and the wooden boards used to build scaffolding weighed between 22 and 43 pounds.

Upon his release to light duty, the employee accepted selective employment in the employer's rigging department as a forklift operator on the docks. He ultimately expanded some of his rigging duties both on the dock and on the ship. However, the employee never resumed his full pre-injury abilities. He was able to hook on, but usually required assistance because the

-

chain falls were too heavy.  He assisted others on the ship, but was no longer directing their work because he could not do the physical maneuvering required on the ship.  He could not build the scaffolding because the wooden boards were too heavy and he could not climb in and out of the tanks.

Although the employee could do some of his pre-injury duties, credible evidence supports the commission's decision that he was not operating at pre-injury levels.  Factual findings made by the commission are binding, and the resolution of conflicting medical opinion is a question of fact.  On appeal, our duty is to determine whether credible evidence supports the commission's decision; if it does, we must affirm that decision.  See Celanese Fibers, 229 Va. at 120, 326 S.E.2d at 690.  The commission did not err in finding the employee had not been released to pre-injury employment and was unable to fully perform his prior duties.

The employer's reliance on Vega Precision Lab., Inc. v. Jwayyed, 218 Va. 1026, 243 S.E.2d 228 (1978), is misplaced.  In Vega, the commission found that because the employee could perform his pre-injury work he was not entitled to benefits when the job no longer existed.  Here, the employee was never released to pre-injury work, and the record supports the commission's finding that he could not do that work.

Finally, we consider whether the employee's layoff from selective employment, due to the employer's loss of Navy ship

-

repair work, precludes his award of benefits.  Relying on Code § 65.2-500,[2] the employer claims the employee was unable to work because of a plant shut down and not because of a work-related injury.

"[T]he employer is relieved of its duty to compensate the claimant only if it offers the claimant employment in his or her 'pre-injury capacity' and the claimant has been released to perform the work."  Carr, 25 Va. App. at 312, 487 S.E.2d at 881 (disabled employee who accepted selective employment but suffered wage loss because there was no opportunity for overtime is still entitled to benefits).  "The employer's financial condition . . . do[es] not affect the claimant's right to compensation due to an impaired capacity to perform his pre-injury duties."  Consolidated Stores Corp. v. Graham, 25 Va. App. 133, 137, 486 S.E.2d 576, 578 (1997).

After an economic layoff from selective employment, an employee remains entitled to benefits until he either fully recovers and is released to pre-injury work, or until the employer offers him other selective employment.  See Washington Metropolitan Transit Authority v. Harrison, 228 Va. 598, 600, 324 S.E.2d 654, 655 (1985) (benefits denied because employee failed to prove he marketed his residual work capacity).

---

[2] Code § 65.2-500 provides that "[w]hen the incapacity for work resulting from the injury is total, the employer shall pay or cause to be paid as hereinafter provided . . . ."  (Emphasis added).

-

The employer's reasons for the layoff should not diminish the employee's entitlement to benefits. The employee was injured on the job and his capacity to work reduced. The Workers' Compensation Act "is highly remedial and should be liberally construed to advance its purpose . . . [of compensating employees] for accidental injuries resulting from the hazards of the employment." See Henderson v. Central Tel. Co., 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987) (citations omitted). Until the employee can perform at his pre-injury capacity, he is protected from the economic vicissitudes of the market place. We conclude the employee's layoff due to the employer's economic downturn does not preclude his entitlement to disability benefits.

Accordingly, the commission's award of benefits is affirmed.

                                                    Affirmed.

-