COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee
Argued at Alexandria, Virginia


POWER AND ALARM COMMUNICATIONS SYSTEM and
 MONTGOMERY MUTUAL INSURANCE COMPANY

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2783-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           JUNE 19, 2001
MICHAEL D. BYERLY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        James Richard Ryan, Jr. (Pamela A. Kultgen;
        Siciliano, Ellis, Dyer & Boccarosse, on
        briefs), for appellants.

        William A. Musto (Koonz, McKenney, Johnson,
        DePaolis & Lightfoot, on brief), for
        appellee.


     Power and Alarm Communications System and its insurer

("employer") contend that the Workers' Compensation Commission

("commission") erred in awarding temporary partial disability

benefits to Michael D. Byerly ("claimant").[1]  Finding no error,

we affirm.

                              I.

     At the time of the accident, claimant had been employed as

an electrician service truck driver for approximately two years.

---

        * Pursuant to Code § 17.1-413 this opinion is not
designated for publication.

        [1] Employer states in its question presented that claimant's
temporary total disability claim was at issue.  However, the
commission found that the employer did not appeal this
determination of the deputy commissioner.

At hearing, the parties stipulated that claimant: (1) had a pre-injury average weekly wage of $1381.78; (2) sustained a compensable workers' compensation injury on or about March 30, 1999; (3) injured his neck, lower back and right shoulder in the accident; and (4) had an initial period of total disability from March 31 through July 6, 1999.

Claimant filed a claim for temporary total benefits for the period March 30 through July 20, 1999 and temporary partial benefits for the period July 21, 1999 to the present and continuing. Employer defended the claim on the ground that claimant was able to return to full-duty work on August 5, 1999 based on a medical evaluation by Dr. David Dorin or, in the alternative, claimant failed to market his residual capacity and, therefore, was not entitled to temporary partial benefits. The deputy commissioner found claimant totally disabled from March 30 through July 20, 1999 and awarded benefits. He also determined that after that date, claimant was capable of light-duty work and that claimant failed to establish lost earnings as a result of his light-duty restrictions. On appeal, the full commission found (1) there was no evidence claimant was fully able to perform the duties of his pre-injury employment, and (2) his earnings were less than his pre-injury wage.[2] The

_____

[2] They also found claimant failed to market his residual capacity for the period July 21 through August 27, 1999.

-

commission opined "While Dr. Tham [claimant's treating physician] has not restricted the claimant's work hours, he has restricted his work capacity. We are not persuaded that employer is relieved of its duty to compensate the claimant who remains partially disabled." Employer appeals the commission's decision to award temporary partial disability benefits.[3]

## II.

Employer first contends no credible evidence supports commission's finding that claimant was unable to return to his pre-injury employment.

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted). "A question raised by conflicting medical opinion is a question of fact." WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Id. (quoting Manassas Ice & Fuel Co. v. Farrar,

---

[3] Code § 65.2-502 provides in pertinent part:

> when the incapacity for work resulting from
> the injury is partial, the employer shall
> pay . . . weekly compensation . . . equal to
> 66 2/3 percent of the difference between his
> average weekly wages before the injury and
> the average weekly wages which he is able to
> earn thereafter . . . .

-

13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "'The fact that there is contrary evidence in the record is of no consequence.'" Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

On July 19, 1999, Dr. William Tham, claimant's treating physician, provided a doctor's certificate stating that claimant could return to work light duty on July 21, 1999. Dr. Tham stated "[r]estrict work on ladders or scaffolds – no lifting > 25 lbs." In his report of November 4, 1999, Dr. Tham increased the amount of weight claimant could lift to 40 lbs. and restricted pulling motions. In his response to a questionnaire prepared by claimant's counsel, Dr. Tham stated claimant could return to work "regular hours" but continued his light-duty restrictions.

While claimant worked in a supervisory position both before and after his injuries, claimant testified that his injury and its residual effects had curtailed his job activities. Pre-injury, he was able to manipulate a 500-lb. spool of wire and work constantly on scaffolds and ladders. His new position with Consolidated Engineering Services (CES) was also supervisory in nature but he could not "lift, hoist, or move ladders as he did before his injury." He also tried to work a 40-hour week but averaged 24 to 32 hours due to medical appointments. Employer presented no evidence to contradict

-

claimant's description of the nature of his pre-injury and post-injury jobs.

"The threshold test for compensability is whether the employee is 'able to fully perform the duties of his pre[-]injury employment.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985) (quoting Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)). "[An] employer is relieved of its duty to compensate the claimant only if it offers the claimant employment in his or her "pre-injury capacity" and the claimant has been released to perform the work." Carr v. Virginia Elec. & Power Co., 25 Va. App. 306, 311-12, 487 S.E.2d 878, 881 (1997).

Credible evidence supports the commission's finding that claimant had continuing physical limitations as a result of his injury and was unable to return to his pre-injury position.

## III.

Employer next contends that claimant "self-limited" his hours and refused to work overtime, thus, causing his own wage loss. Employer argues that because there was no medical limitation on claimant's hours, he could recoup any salary differential through overtime. Employer concedes that no evidence in the record established overtime was available. The unrebutted evidence is claimant's pre-injury base rate wage not including overtime was $21.96 per hour. His base rate wage not including overtime post-injury with employer was $18.30 per

-

hour. His base rate wage with Kelly Electrical Services and CES was $17.55 per hour without overtime. Claimant has not earned his pre-injury average weekly wage since the date of injury. Employer also argues that by limiting his work hours due to "flare-ups" and failing to work overtime, claimant limited his wages. We disagree.

Employer contends that the rationale of Carr does not apply to the instant case because the record there affirmatively proved that no overtime was available to the employee in his light-duty capacity. Here, the record was silent as to the availability of overtime. We find this argument to be without merit.

We hold claimant is entitled to temporary partial disability benefits regardless of the availability of overtime because claimant was not released to work in his pre-injury position and his post-injury earnings did not equal or exceed his pre-injury income. For the foregoing reasons, the decision of the commission is affirmed.

Affirmed.