COURT OF APPEALS OF VIRGINIA

Present:   Judges McCullough, Huff and Senior Judge Haley
Argued at Chesapeake, Virginia

UNPUBLISHED

SHERRI HOLYFIELD

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2321-13-1           JUDGE STEPHEN R. McCULLOUGH
                                                MAY 20, 2014
SENTARA HEALTHCARE AND
  SENTARA HEALTHCARE, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Albert C. Selkin (White and Selkin, on brief), for appellant.

        Bonnie P. Lane (Robert A. Rapaport; Clarke, Dolph, Rapaport, Hull &
        Brunick, P.L.C., on brief), for appellees.


        Sherri Holyfield appeals from a decision of the Workers' Compensation Commission,

contending that the commission erred in two ways:  (1) "in finding that petitioner did not file

[her] claim in a timely manner," and (2) "by failing to acknowledge that petitioner sustained a

permanent injury as shown by the medical operation and other medical reports . . . ."  We affirm

the decision of the commission.

                                    BACKGROUND

        On September 18, 2009, Holyfield injured her left ankle at work while attempting to pick

up a bag.  She filed a "protective" claim for benefits on October 16, 2009.  She left part B of the

claim form blank.  Part B provides a number of boxes to check if the claimant is requesting a

hearing.  In the ensuing months and years, she sought relief for her injury by means of physical

therapy and other measures.  Although her treatment yielded some relief, she did not obtain

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

lasting success. She eventually underwent surgery on February 10, 2011, to repair the tendon of her left ankle. The medical notes that followed the surgery, further detailed below, generally show continuing improvement.

On August 17, 2012, Dr. Stewart, claimant's orthopaedist, opined that claimant's examination had "been stable for some time . . . [and] she is at [Maximum Medical Improvement ("MMI")]" and assessed that she had an eight percent lower extremity impairment. On January 23, 2012, claimant filed a claim for permanent partial disability benefits, this time completing both parts A and B of the form.

The employer stipulated to an award of lifetime medical benefits but contested her claim for permanent partial disability. The deputy commissioner found that her claim for permanent partial disability benefits was barred because she "failed to timely file a claim for permanent disability benefits" and because she "failed to produce any evidence that permanency existed within the two-year statutory period." The commission affirmed, concluding that the claimant "failed to establish evidence of permanency within two years of the accident." Commissioner Marshall dissented. He contended that because a portion of the claimant's anatomy was excised during her surgery, the medical records established evidence of a permanent loss within two years of the September 18, 2009 accident. This appeal followed.

ANALYSIS

For purposes of this opinion, we will assume, without deciding, that claimant's barebones claim of an injury to her "left ankle" encompasses a claim for permanent partial disability and we proceed to determine whether she established that a permanent disability existed or developed within the requisite time period. "The right to compensation . . . shall be forever barred, unless a claim be filed with the [c]ommission within two years after the accident." Code § 65.2-601. An "employee's claim must allege a present and existing disability within two years of the accident,

and he must prove that disability to receive benefits." Metro Machine Corp. v. Lamb, 33 Va. App. 187, 193, 532 S.E.2d 337, 339 (2000); see also Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 401 S.E.2d 213 (1991); cf. SW Va. Tire, Inc. v. Bryant, 31 Va. App. 655, 660-61, 525 S.E.2d 563, 566 (2000) (addressing proof within the statute of limitations for a change in condition).[1] In other words, she must prove that a permanent disability existed or developed within two years of the accident. WLR Foods v. Cardosa, 26 Va. App. 220, 229, 494 S.E.2d 147, 151 (1997) (citing Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 441 S.E.2d 349 (1994)).

We conclude that claimant failed to meet this burden. We review the evidence in the light most favorable to the party who prevailed below. Wainwright v. Newport News Shipbuilding & Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2007). "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'" Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004) (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)); see also Code § 65.2-706(A).

Whether a claim is barred by the statute of limitations is a legal question we review *de novo*, and "this Court is not bound by the legal determinations made by the commission." Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005) (internal quotation marks omitted).

Claimant was injured at work on September 18, 2009. She did not receive a permanency rating until August 17, 2012, more than two years after she sustained the accident. Claimant

---

[1] The change-in-condition provisions of the Code are not before us in this case.

argues that the record furnishes evidence of a permanent disability existing within the limitations period, before her disability rating by Dr. Stewart. We do not agree.

Claimant points to a February 10, 2011 operative report following the surgery to her left ankle. The report from Dr. Joel Stewart notes "a peroneous cortes which appeared to insert on the calcaneus. This was identified, freed up and excised." Excising a portion of the anatomy, though it can permanently change the body, is not tantamount to a permanent disability. Surgery can often require the removal of parts of the human body without such a removal triggering or signifying a permanent disability.

The post-operative notes further undermine the significance of the February 10, 2011 note. One week after the surgery, claimant was "progressing well" and contemplated a prompt return to work. Twelve days after the surgery, claimant stated she was "doing very well" and that she "ha[d] no complaints of pain." One month out from the surgery, she stated she was "doing pretty well" and that "she is not having much pain." Her portal and incision were "well-healed." Two months after the surgery, the notes reflect that "she is doing very well." "She still feels a little stiffness in her foot with her side to side movement, but physical therapy is helping with that. Patient states she does have some swelling at the end of the day, but she is not having any real pain." Three months after her surgery, on May 11, 2011, she stated that, although she still experiences some pain and she experiences limits in standing and walking, "she is really not having any pain. She feels a little tight on the outside of her foot." Her physician notes that "[s]he will continue strengthening." Finally, on June 22, 2011, more than four months after her surgery, she reported "[n]o significant pain." She did experience "a burning type stabbing pain when walking or standing too long." The physical examination revealed the following: "Incisions are benign. She is neurovascularly intact. Full range of

motion. Strength is intact. Posterior calf is soft and nontender. No instability. Negative talar tilt and anterior drawer. No Tinel's."

When read on its own terms, Dr. Stewart's February 10, 2011 note fails to establish a permanent disability. When read in the overall context of the post-operative medical evidence, the February 10, 2011 note recedes even further in importance. Claimant fares no better with the medical evidence prior to surgery, none of which establishes that a *permanent* disability existed or developed prior to the passage of the two-year statute of limitations.[2] The first evidence of permanency surfaced in Dr. Stewart's rating dated August 17, 2012. In short, claimant failed to carry her burden of establishing a permanent partial disability that existed or developed within the limitations period.

CONCLUSION

We affirm the decision of the commission.

Affirmed.

---

[2] Claimant also argues that the doctrine of imposition "is in play." We do not find any reference to this doctrine before the commission, nor is it the subject of an assignment of error. Accordingly, we decline to address the issue. See Rules 5A:18; 5A:20. In addition, at oral argument, claimant pointed to Code § 65.2-708(B) to argue that her claim is timely under that provision. This argument was not made before the commission, nor was it made on brief before this Court. She cited it without elaboration in a supplemental filing. We decline to address the point. See Rule 5A:18.