COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


ROBERT B. WAINWRIGHT

                                                        OPINION BY
v.        Record No. 1129-06-1          JUDGE JEAN HARRISON CLEMENTS
                                                     SEPTEMBER 25, 2007
NEWPORT NEWS SHIPBUILDING AND
  DRY DOCK COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Stephen F. Forbes (Forbes and Broadwell, on briefs), for appellant.

          Lawrence P. Postol (Seyfarth Shaw LLP, on brief[1]), for appellee.


        Robert B. Wainwright (claimant) appeals a decision of the Workers' Compensation

Commission (commission) denying his claim for temporary disability benefits.  Claimant

contends the commission erred in finding he abandoned his claim and in concluding the two-year

statute of limitations contained in Code § 65.2-601 barred his claim.  We agree with claimant

and, therefore, reverse the commission's judgment and remand this matter to the commission for

further proceedings.

                                I.  BACKGROUND

        The relevant facts and procedural posture of this case are not in dispute.  While working

for Newport News Shipbuilding and Dry Dock Company (employer), claimant sustained a

compensable injury by accident on March 6, 1996, when he was struck from behind by a forklift.

-----

[1] Following oral argument, employer filed a motion to file a supplemental brief and an
accompanying brief intended to aid us by providing "a full discussion of the issues."  Because
we did not request any additional briefing by the parties and because the brief submitted by
employer adds nothing new to the discussion but, instead, merely reiterates the same argument
already presented by employer, we deny the motion.

By letter dated April 5, 1996, and filed with the commission on April 10, 1996, claimant asserted a "[c]laim . . . for all benefits to which he is or may be entitled pursuant to the Virginia Workers' Compensation Act." Claimant added, however, that he was pursuing a concurrent claim under the federal Longshore and Harbor Workers' Compensation Act (LHWCA) and would not therefore need to schedule a hearing before the commission at that time.

On October 31, 1997, employer notified the commission that it accepted claimant's claim as compensable. Employer further informed the commission that claimant "was being paid benefits under the [LHWCA]" and that there were no issues that needed to be resolved by the commission at that time.

By letter dated November 24, 1997, claimant requested "a hearing on the issue of total permanent disability." That request, however, was not pursued, and the matter was never docketed.

By letter dated February 12, 1998, and filed with the commission on February 20, 1998, claimant requested a hearing in connection with his desire to continue receiving treatment from his long-time treating physician, Dr. Alvin Bryant, and the licensed clinical psychologist to whom Dr. Bryant referred him, Dr. H.W. Cole. According to claimant, employer was "attempting to medically manage [his] case" and was "refusing to authorize treatment" by Drs. Bryant and Cole. No other issue was raised in claimant's letter.

In response to claimant's February 12, 1998 letter, the commission informed employer that it was "in receipt of a claim for medical benefits in this case" and directed employer to submit a response to that claim. On March 25, 1998, employer filed a form with the commission again indicating that it accepted claimant's claim as compensable and that claimant was receiving benefits under the LHWCA. Employer further stated that the continuing treatment by Drs. Bryant and Cole was the "only issue[] to be resolved." By letter to the commission dated

- 2 -

August 10, 1998, claimant agreed that the only issue in dispute was "whether Dr. Bryant remain[ed] the primary treating physician" and was, thus, authorized to refer claimant to Dr. Cole for psychological treatment.

On October 2, 1998, Deputy Commissioner Phillips conducted a hearing on claimant's request to continue receiving treatment from Drs. Bryant and Cole for the injuries he suffered as a result of the March 6, 1996 industrial accident. Employer's sole defense to claimant's request was that Dr. Bryant "should be removed as treating physician and rehabilitation specialist Mark Ross, M.D., be so designated." The parties stipulated that the work-related injuries claimant sustained on March 6, 1996 were compensable, that employer accepted claimant's claim, and that claimant was receiving benefits pursuant to the LHWCA.

In her opinion dated April 6, 1999, Deputy Commissioner Phillips reviewed the treatment received by claimant from Dr. Bryant, Dr. Cole, Dr. Ross, a rehabilitation specialist, and the other specialists to whom Dr. Bryant had referred claimant. The deputy commissioner also reviewed the evaluations rendered by some of the specialists to whom employer had referred claimant. Following those reviews, the deputy commissioner found that claimant's condition required the treatment of a single qualified physician who specialized in chronic pain management, rather than the treatment of a general surgeon, like Dr. Bryant, who relied on "various referrals." The deputy commissioner further found that Dr. Ross, given his acknowledgment that he was uncertain "what to do next" to treat claimant's condition, was not a suitable replacement as claimant's treating physician. In addition, the deputy commissioner found that claimant was no longer in need of psychological treatment. Accordingly, Deputy Commissioner Phillips removed Dr. Bryant as claimant's treating physician and directed employer "to offer a panel of physicians skilled in chronic pain management from which . . . claimant [was to] choose a new treating physician." The deputy commissioner made no other

determinations or rulings, and neither party requested review of the deputy commissioner's opinion.

By letter dated October 27, 2003, and filed with the commission on October 29, 2003, claimant requested a "hearing for payment of indemnity and medical benefits and authorization of a treating physician." Claimant subsequently clarified that, in addition to medical benefits for the injuries he sustained as a result of his March 6, 1996 injury by accident, he was seeking temporary total disability benefits for the period October 2, 2002, to July 5, 2004; temporary partial disability benefits for the ten-week period beginning July 6, 2004; and resumption of temporary total disability benefits thereafter. The parties stipulated that claimant's March 6, 1996 injury by accident was compensable and that claimant had previously been paid disability benefits under the LHWCA. In defending the claim, employer asserted, *inter alia*, that claimant's request for disability benefits was barred because it "was not timely filed."

Deputy Commissioner Lahne conducted hearings on claimant's claim on October 15, 2004, and January 13, 2005. In his opinion dated August 9, 2005, Deputy Commissioner Lahne ruled, *inter alia*, that, although claimant's April 5, 1996 letter constituted a valid claim for disability benefits, claimant's October 29, 2003 application for temporary disability benefits was "time barred and/or . . . barred by the doctrine of *res judicata*" because claimant "could have sought an award 'for record purposes' [at the October 2, 1998 hearing] in order to preserve his rights under the Virginia [Workers' Compensation] Act" but did not do so. Thus, the deputy commissioner held that claimant's claim for disability benefits was, "at that point, concluded."

Upon review, the full commission determined that the doctrine of *res judicata* did not apply to bar claimant's October 29, 2003 request for temporary disability benefits because the "period of compensation" sought by claimant was different than that sought by him in the previously litigated claim. Accordingly, the commission reversed the decision of the deputy

commissioner to the extent he "relied on the doctrine of *res judicata* in denying" claimant's claim.

However, a majority of the full commission affirmed the deputy commissioner's decision that claimant's October 29, 2003 request for temporary disability benefits was untimely, reasoning as follows:

> The record reflects that the claimant filed a timely claim on April 10, 1996, associated with his industrial accident on March 6, 1996, wherein he sought "all benefits" to which he might be entitled under the Act. Encompassed by the request for "all benefits" is the claim for wage loss compensation. A July 9, 1998, Notice of Hearing indicated the claimant's April 10, 1996, and February 20, 1998, claims would be heard on October 2, 1998. Deputy Commissioner Phillips' April 6, 1999, Opinion did not address the claim for disability benefits, and did not enter an award of compensation for record purposes or otherwise. Neither party requested Review of the Deputy Commissioner's Opinion.
>
> Based on the record, it appears that the claimant opted to forego his opportunity to pursue entry of an award of disability benefits at the October 2, 1998, Hearing. That issue was before Deputy Commissioner Phillips and could have been litigated. We frequently have held that the Commission does not adjudicate cases piecemeal. Issues that are raised and not pursued are deemed abandoned, unless specifically deferred. We find that by choosing not to appeal the Deputy Commissioner's April 6, 1999, Opinion, the claimant abandoned his April 10, 1996, claim for disability benefits.

(Citations omitted.) The commission further reasoned as follows:

> [T]he claimant's April 10, 1996, claim was disposed of by Deputy Commissioner Phillips' April 6, 1999, Opinion, and no award of *compensation* was entered. Virginia Code § 65.2-601 provides that the right to compensation shall be forever barred, unless a claim is filed with the Commission within two years of the accident. Code § 65.2-708 states that no review of an award may be made more than 24 months after the last day compensation was paid pursuant to an award. Although the claimant filed his April 10, 1996, claim with the Commission within the applicable time limit, no award of compensation was entered as a result of the Hearing on that claim. Thus, the claim filed October 29, 2003, seeking periods of disability benefits beginning October 2002 and continuing, related to the March 6, 1996, injury by accident, is

untimely under the statute of limitations found in § 65.2-601. Virginia Code § 65.2-708 is inapplicable, because there is no previous award of compensation. Therefore, we affirm Deputy Commissioner Lahne's finding that the statute of limitations bars the claimant's October 29, [2003,] claim.

The dissenting commissioner concluded that claimant's October 29, 2003 request for

temporary disability benefits was not time barred because

the claimant filed a timely claim for wage loss compensation under the [Workers' Compensation] Act, because such claim was not previously adjudicated by the Commission, and because the record reflects that the claimant was disabled due to his workplace injury within two years of its occurrence.

This appeal by claimant followed.

## II. ANALYSIS

On appeal, claimant contends the commission erred in affirming Deputy Commissioner

Lahne's decision that claimant's October 29, 2003 request for temporary disability benefits was

time barred. Specifically, claimant argues the commission erred in finding he abandoned his

April 10, 1996 claim for disability benefits and in concluding his October 29, 2003 request was

thus barred by the two-year statute of limitations set forth in Code § 65.2-601.[2]

In response, employer contends the commission correctly found that claimant abandoned

his April 10, 1996 claim for disability benefits and correctly concluded, based on that finding,

that claimant's October 29, 2003 request for temporary disability benefits was time barred.

Alternatively, employer asserts claimant's request for disability benefits was also time barred

because claimant's April 5, 1996 letter did not constitute a valid claim. Employer further asserts

the commission's ruling that claimant's request for disability benefits was barred may "also be

---

[2] Claimant further argues that the commission "should have applied" the doctrines of imposition and *de facto* award to this case. In light of our resolution of this appeal, we need not address this additional argument.

upheld under the doctrine of *res judicata*." Thus, employer concludes, the commission properly denied claimant's request for disability benefits. We disagree with employer.

In reviewing the commission's judgment, we view the evidence in the light most favorable to employer, the prevailing party below. See R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, the commission's legal determinations are not binding on appeal and will be reviewed *de novo*. Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

We first consider employer's assertion that claimant's request for temporary disability benefits was time barred under Code § 65.2-601 because claimant's April 5, 1996 letter did not constitute a valid claim. Specifically, employer argues the April 5, 1996 letter was inadequate to constitute a valid claim because it failed to specify "what part of the body was injured" and "what benefits were being claimed."

"A claim for compensation must be filed with the commission within two years after the accident or the claim shall be forever barred. This provision is jurisdictional, and failure to file within the prescribed time will bar a claim." Mayberry v. Alcoa Bldg. Prods., 18 Va. App. 18, 20, 441 S.E.2d 349, 350 (1994) (citing Code § 65.2-601). "The intent and purpose of Code § 65.2-601 is to require notice to the employer of its potential liability for an injury sustained by an employee." Metro Machine Corp. v. Sowers, 33 Va. App. 197, 204, 532 S.E.2d 341, 345 (2000). To that end, the claim "must identify the employer, the date of accident, the location of the accident, and the injuries suffered" and "'fairly apprise the commission that a claim [is] being made.'" Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 938, 434 S.E.2d 353, 355 (1993) (quoting Trammel Crow Co. v. Redmond, 12 Va. App. 610, 614, 405 S.E.2d 632, 634

(1991)).  Formal pleadings, however, "are not required, and so long as the notice advises the commission of necessary elements of the claim, it activates the right of the employee to compensation and invokes the jurisdiction of the commission."  Keith v. Ball Metal Beverage Container Corp., 45 Va. App. 50, 54, 608 S.E.2d 501, 503 (2005).  Whether the information filed with the commission is sufficient to constitute a timely filed claim is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence.  See Fairfax County Sch. Bd. v. Humphrey, 41 Va. App. 147, 158, 583 S.E.2d 65, 70 (2003).

Here, the commission found that claimant's April 5, 1996 letter, which was filed with the commission on April 10, 1996, contained sufficient information to constitute a valid, timely filed claim.  The commission's finding is supported by credible evidence. The April 5, 1996 letter properly listed claimant's name, employer's name, employer's location, and the date of the accident.  Furthermore, it expressly noted that claimant's injury was to "both legs" and that claim was being "made for all benefits to which [claimant] . . . may be entitled pursuant to the Virginia Workers' Compensation Act."  Such information was plainly adequate to notify employer of the injury for which it was potentially liable and to apprise the commission that a claim was being made.  Accordingly, we uphold the commission's finding that the information in the April 5, 1996 letter was sufficient to constitute a valid, timely filed claim.

We therefore reject as meritless employer's assertion that claimant's request for temporary disability benefits was time barred because the April 5, 1996 letter did not constitute a valid claim.

We next turn to claimant's contention that the commission erred in finding he abandoned his April 10, 1996 claim for disability benefits.  That finding, claimant argues, is unsupported by the evidence in the record.  Hence, he concludes the commission erred as a matter of law in

- 8 -

making that finding and in ruling, based thereon, that his October 29, 2003 request for temporary disability benefits was time barred.

"Although the findings of the . . . [c]ommission, if based on credible evidence, are conclusive and binding upon us, the [c]ommission's findings of fact are not binding upon us when there is no credible evidence to support them. The question of sufficiency of the evidence then becomes one of law." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); see also Hercules v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991) ("Whether credible evidence exists to support a factual finding is a question of law which is properly reviewable on appeal.").

In affirming the deputy commissioner's decision that claimant's request for disability benefits was time barred because claimant failed to obtain an award of compensation at the October 2, 1998 hearing before Deputy Commissioner Phillips, the commission held that "[i]ssues that are raised and not pursued are deemed abandoned, unless specifically deferred." The commission then found that the issue of disability benefits was raised "before Deputy Commissioner Phillips and could have been litigated" but was not pursued by claimant. The commission further found that, because claimant's April 10, 1996 claim for disability benefits "was disposed of" by Deputy Commissioner Phillips's April 6, 1999 opinion with "no award of compensation . . . entered as a result of the [h]earing on that claim" and because claimant did not appeal the deputy commissioner's opinion, claimant abandoned his April 10, 1996 claim for disability benefits.

Upon our review of the record, we agree with claimant that the commission's analysis is flawed. While it is true generally that "[i]ssues that are raised and not pursued are deemed abandoned, unless specifically deferred," we find no evidence in the record that supports the commission's critical finding that the issue of disability benefits was before the deputy

- 9 -

commissioner at the October 2, 1998 hearing. To the contrary, the evidence in the record makes it abundantly clear that the only issue before the deputy commissioner at that hearing was the continuing treatment of claimant by Drs. Bryant and Cole. Indeed, the record supports no other conclusion.

As previously mentioned, claimant filed a valid claim on April 10, 1996, seeking "all benefits to which he . . . may be entitled" under the Workers' Compensation Act in connection with his March 6, 1996 injury by accident. That claim necessarily included a claim for disability benefits. Employer accepted the claim as compensable. Both parties acknowledged that no hearing was needed before the commission at the time since claimant was being paid benefits under the LHWCA and there were no state-related issues in dispute.

However, on February 20, 1998, claimant requested a hearing regarding the management of his medical treatment. Claimant asserted that employer was "refusing to authorize treatment" by Drs. Bryant and Cole, from whom he desired to continue receiving treatment. Claimant raised no other issue in his request for a hearing. Employer expressly acknowledged that the only issue in dispute was the continuing treatment by Drs. Bryant and Cole. At the October 2, 1998 hearing on that issue, employer's sole defense was that Dr. Bryant "should be removed as treating physician" and another doctor appointed to replace him. The parties stipulated that the work-related injury claimant sustained on March 6, 1996 was compensable, that employer accepted claimant's claim, and that claimant was receiving benefits pursuant to the LHWCA. No other issues were raised at that hearing. Following the hearing, Deputy Commissioner Phillips removed Dr. Bryant as claimant's treating physician and directed employer to provide a list of qualified physicians from which claimant could "choose a new treating physician." The deputy commissioner made no determinations or rulings relating to disability benefits, and neither party requested review of the deputy commissioner's opinion.

It is clear, therefore, that neither party raised any issue relating to claimant's April 10, 1996 claim for disability benefits before Deputy Commissioner Phillips at the October 2, 1998 hearing. It is also clear that the deputy commissioner did not adjudicate or otherwise "dispose of" any issue relating to claimant's claim for disability benefits. The commission's findings to the contrary are not supported by the record. Accordingly, we hold the commission erred in finding that claimant abandoned his April 10, 1996 claim for disability benefits.

Moreover, as the dissenting commissioner pointed out, "the mere fact that the [c]ommission did not adjudicate . . . claimant's [claim for] disability [benefits] within two years of his workplace accident [did] not preclude him from recovering wage loss compensation under the [Workers' Compensation] Act." Indeed, while a "claim for compensation must be filed within two years after the accident," the employee "is not required to prove the disability during the two-year period." Metro Machine Corp. v. Lamb, 33 Va. App. 187, 192-93, 532 S.E.2d 337, 339 (2000). Rather, the employee must prove that the disability occurred within the two-year period. See id. at 193, 532 S.E.2d at 339 ("[T]he employee's claim must allege a present and existing disability within two years of the accident, and he must prove that disability to receive benefits.").

Here, claimant filed a timely claim for disability benefits on April 10, 1996. Although claimant did not seek a hearing on that claim within two years of the accident, the record establishes that claimant was disabled as a result of his compensable injury within two years of the accident. Thus, because claimant did not abandon his claim for disability benefits, we hold the commission erred in concluding the two-year statute of limitations contained in Code § 65.2-601 barred his October 29, 2003 request for temporary disability benefits.

Lastly, we turn to employer's contention that the doctrine of *res judicata* also applies to bar claimant's October 29, 2003 request for disability benefits. Employer asserts the doctrine of

- 11 -

*res judicata* applies here because Deputy Commissioner Phillips's April 6, 1999 opinion subsumed claimant's claim for disability benefits.

The doctrine of *res judicata* "precludes relitigation of a claim or issue once a final determination on the merits has been reached." Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989). "One who asserts the defense of *res judicata* has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action." Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998). Moreover, that party must prove the "identity of the remedies sought." Wright v. Castles, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986).

As previously discussed, the sole issue before Deputy Commissioner Phillips at the October 2, 1998 hearing was whether Dr. Bryant was to be removed as claimant's treating physician. The issue of claimant's claim for disability benefits was not before the deputy commissioner at that hearing. Accordingly, the instant issue was not previously raised and decided. Moreover, the remedies sought in a claim for continuing medical benefits are plainly not the same as the remedies sought in a claim for temporary disability benefits.

Consequently, employer failed to meet its requisite burden of proof. We hold, therefore, that the commission correctly ruled that the doctrine of *res judicata* was inapplicable to this case.

## III. CONCLUSION

For these reasons, we reverse the commission's judgment that claimant abandoned his claim for temporary disability benefits and that the two-year statute of limitations contained in Code § 65.2-601 barred his claim. Accordingly, we remand this matter to the commission for further proceedings consistent with this opinion.

                                                                    Reversed and remanded.