COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Petty and McCullough
Argued at Alexandria, Virginia


BRENDA MARIE HOERST

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1265-13-4          JUDGE STEPHEN R. McCULLOUGH
                                                    FEBRUARY 25, 2014
JANELIA FARM RESEARCH CAMPUS
  AND INDEMNITY INSURANCE
  COMPANY OF NORTH AMERICA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Richard M. Reed (The Reed Law Firm, P.L.L.C, on brief), for
                appellant.

                Brandi R. Howell (Franklin & Prokopik, P.C., on brief), for
                appellees.


        Brenda M. Hoerst appeals from a decision of the commission denying her benefits.  She

assigns three errors:  (1) the commission erred when it found that she was not totally disabled

from July 19, 2011 through the present and continuing; (2) the commission erred in its

alternative holding that a portion of the claim should be barred by the statute of limitations; and

(3) the commission erred when it held that claimant was not entitled to temporary total disability

from July 19, 2011 onward.  We find no error and affirm.

                                          BACKGROUND

        On August 2, 2009, while working as a server, Hoerst was injured when she struck the

back of her head on the corner of a metal kitchen sink.  She "blacked out" or "nearly blacked

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

out," and was treated at an urgent care center the following day. Hoerst returned to work on September 8, 2009.

Hoerst testified that, after this incident, she began to experience severe migraine headaches. She was eventually fired from her server job for absenteeism and tardiness. She obtained another job with her then-treating physician, Dr. Ishtiaq Ahmad, from September 2010 through April 2011. She again was fired from that job for reasons of absenteeism and "lack of interest." Hoerst testified that she attempted to provide child care for a friend but had to stop due to the pain from her headaches. She attended Northern Virginia Community College in January of 2011 and 2012, but withdrew.

Claimant testified that the severity and frequency of the headaches, along with the pain that accompanies these migraines, prevent her from holding a job. She offered testimony from a friend who corroborated her testimony about the severity of these headaches.

The medical evidence established that claimant suffered from migraines as well as a number of other problems and conditions. Hoerst was diagnosed with bipolar disorder when she was 19 years old. She takes medications, including Depakote and Trileptal, for her bipolar disorder. Dr. Ahmad concluded that she suffered from headaches consistent with migraine or tension headaches. He prescribed Imitrex, Fioricet, and Vicodin. Claimant began seeing Dr. Naurang Gill in July of 2011. Dr. Gill found that she suffered from migraines, chronic daily headaches and that she had a "[h]istory of "bipolar disorder/PTSD with history of drug abuse." He prescribed Topamax, and later Wellbutrin. He did not take her out of work or indicate to her that she was disabled because of her headaches. The medical evidence also shows that she has been diagnosed with depression, a history of chronic insomnia, and post-traumatic stress disorder.

A brain MRI in 2009 as well as a CT scan proved to be unremarkable. Two months after the date from which she claims total disability, the claimant attended a residential drug treatment program from August 5 through early September 2011 to treat her addiction to Vicodin. A staff psychiatrist with the program, Dr. Andrew Chmiel, indicated that claimant's bipolar disorder was out of control and that she was manifesting symptoms of a mixed disorder. He noted claimant's serious marijuana habit, developed since she was seventeen years old. He also observed she was treating her migraines with Wellbutrin, but that Wellbutrin can actually cause migraines as a side effect. Dr. Chmiel diagnosed claimant with opioid and cannabis dependence, as well as bipolar disorder. Dr. Gill also noted in his initial history that claimant has been using tetrahydrocannabinol on and off for the past ten years. She reported consuming 3-4 shots of alcohol three times per week. The record also reflects that she used cocaine in the past.

On October 3, 2011, Dr. Gill completed an Attending Physician's Report. He diagnosed her with "post traumatic headaches" and "migraines." In the section asking whether there was a work-related disability, Dr. Gill checked the box marked "unknown." On that same report, Dr. Gill indicated that "headache is a subjective symptom." After a follow-up evaluation on December 5, 2011, Dr. Gill noted that "headaches limit her activities" and that claimant "continues to be disabled because of the intensity and severity of her headaches." He again noted claimant's history of significant depression and bipolar disorder.

Claimant initially received wage loss benefits for the period of August 4, 2009 through September 7, 2009. She returned to work on September 8, 2009. In a letter dated July 8, 2011, and stamped received by the commission on July 25, 2011, claimant sought weekly compensation due to her August 2, 2009 injury. On December 21, 2011, she asked for "Temporary Total and/or Temporary Partial Disability benefits" from the date of the accident onward. The deputy commissioner found she had sustained her burden of showing a change in

- 3 -

condition, and he awarded her temporary total disability benefits beginning on July 19, 2011. The employer appealed to the commission, which reversed, finding that "the evidence does not preponderate in establishing total disability for the claimed period."

## ANALYSIS

"Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). See also Code § 65.2-706(A). In addition, we will review the evidence in the light most favorable to the party who prevailed below. Wainwright v. Newport News Shipbuilding & Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2007). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "[T]he commission's legal determinations are not binding on appeal and will be reviewed *de novo*." Id.

Claimant argues the medical evidence establishes that the severity and frequency of her headaches renders her unable to work and the commission erred in finding that she was not totally disabled. In particular, she stresses a note from Dr. Gill dated July 19, 2011, in which he wrote "[t]he patient is unable to work due to the frequency and intensity of her headaches." However, it is not clear whether Dr. Gill was simply recording claimant's statements or stating his own findings. This statement appears in the "symptoms" section of his report. In another report, dated December 5, 2011, Dr. Gill indicated that claimant "states that she is looking for a job; however, finds it difficult to find one because of her underlying medical conditions." She argues that the employer offered no evidence to counter Dr. Gill's statements. The employer responds that these passages from Dr. Gill's notes merely reflect her description of her own symptoms, not his conclusion about a work-related injury. According to the employer, "[w]ith

respect to [claimant's] work status, Dr. Gill did not make any recommendations or opinions and he did not take her out of work." Appellees' Br. at 4.

As the party alleging a change in condition, claimant bore the burden to prove the allegation by a preponderance of the evidence. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).

While Dr. Gill wrote that claimant "is unable to work due to the frequency and intensity of her headaches," the commission noted he did not take her out of work or mention her work status. In October of 2011, Dr. Gill checked "unknown" in the box to indicate whether she was disabled. The medical evidence established that headache symptoms are subjective. Dr. Gill observed on December 5, 2011, that claimant "states that she is looking for a job; however, finds it difficult to find one because of her underlying medical conditions." He attributed her difficulty in finding a job to her "conditions" (plural), and the record establishes that claimant suffered from a number of serious medical conditions. In addition, this notation is ambiguous as to whether Dr. Gill was merely reporting what claimant stated or offering his own independent conclusion about her difficulty in finding work due to her conditions. Confirming this ambiguity, he wrote that the patient "claims having bad headaches." Although causation between her accident at work and her migraines is not at issue, other conditions, such as her bipolar disorder and substance abuse, were not work-related and could have contributed to her inability to keep a job. Furthermore, the report by Dr. Chmiel found that claimant suffered from opioid and cannabis dependence as well as bipolar disorder.

When the factual record permits competing inferences, we defer to the commission's assessment of the "probative weight to be accorded . . . evidence" – recognizing that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S.

- 5 -

Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)).[1]  Under the

deferential standard of review, we find no basis for reversal.

CONCLUSION

We affirm the decision of the commission.

Affirmed.

---

[1] In light of our resolution, we need not reach the question of whether appellant's claim for a change in condition is barred by the statute of limitations.