COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


MONICA HARVEY

v.      Record No. 0332-15-2

OLD DOMINION UNIVERSITY/
  COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 22, 2015

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Charlene A. Morring; Montagna Klein Camden, LLP, on brief), for
> appellant.  Appellant submitting on brief.
>
> Scott John Fitzgerald, Senior Assistant Attorney General (Mark R.
> Herring, Attorney General; Rhodes B. Ritenour, Deputy Attorney
> General; Ronald N. Regnery, Senior Assistant Attorney General, on
> brief), for appellee.


Monica Harvey, claimant, appeals a decision of the Workers' Compensation Commission

(the commission), reversing a deputy commissioner's opinion finding claimant was entitled to a

second opinion and directing Old Dominion University and the Commonwealth of Virginia

(collectively employer) to provide claimant with a panel of pain management specialists.  On

appeal, claimant contends the commission erred in:  (1) arbitrarily disregarding an express

credibility finding of the deputy commissioner; (2) arbitrarily disregarding claimant's testimony;

(3) finding claimant did not prove she was entitled to receive a second medical opinion at the

expense of employer; and (4) finding claimant was not entitled to an employer-provided panel of

pain management specialists.  Finding no error, we affirm the decision of the commission.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Facts

We review the evidence in the light most favorable to the party who prevailed below. Wainwright v. Newport News Shipbldg. & Dry Dock Co., 50 Va. App. 421, 430, 650 S.E.2d 566, 571 (2007).

On July 26, 2011, claimant sustained a compensable injury by accident to her back. Employer has paid claimant medical benefits and wage loss benefits. On June 9, 2014, claimant filed a claim requesting "a hearing to address her entitlement to a second medical opinion." Employer responded that a second medical opinion would not be covered under her claim "unless she receives a direct referral from her authorized treating physician."

At the hearing held before the deputy commissioner, claimant testified she was currently under an award for a work-related accident. She described how she injured her back, and she testified she had treated with Dr. Thomas Markham, an orthopedic surgeon. Claimant testified that Dr. Markham told her it was "up to me to get a second opinion," and she stated she had been unable to obtain the second opinion.

The deputy commissioner found claimant was "entitled to a second opinion from a pain management specialist," stating claimant "credibly testified that she has experienced persistent problems in her lower back since her . . . industrial accident." The deputy commissioner's opinion further stated:

> Given the credibility assigned to [claimant]'s testimony after
> personal observation regarding the extent of her pain and her
> attempts to continue working for the employer, it is found that she
> proved that she continues to experience persistent low back pain as
> a result of her industrial accident and that she is entitled to
> palliative care for this pain.

The deputy commissioner also found employer was responsible for providing claimant with a panel of pain management specialists so she could seek treatment. Employer appealed the deputy commissioner's decision to the full commission.

The majority of the full commission reversed the portion of the deputy commissioner's decision directing employer to provide a panel of pain management specialists.[1] In its opinion, the commission noted claimant had "regularly" received medical treatment since the accident. She had treated with a physiatrist for pain management and an osteopath for persistent back and buttocks pain. Claimant underwent physical therapy and had a functional capacity evaluation. In 2012, her osteopath concluded she had reached maximum medical improvement and released her to full duty, suggesting she use over-the-counter medication as needed.

In 2013, claimant complained to her family doctor that she had lower back pain. A nurse practitioner referred claimant to Dr. Markham. Dr. Markham found no surgical indication or physiologic explanation for claimant's pain. At Dr. Markham's recommendation, claimant participated in aggressive exercise with a physical therapist and progression to work hardening. In February 2014, Dr. Markham opined that, from an orthopedic perspective, he had "no explanation for pain of such a severe nature." He also indicated he could not "relate" the pain to the 2011 accident. He recommended a work hardening program and a functional capacity evaluation.

On April 8, 2014, claimant returned to Dr. Markham. Dr. Markham's notes from that visit state: "[F]rom an orthopedic perspective, I have nothing to offer [claimant]. I do not see how her lifting injury in 2011 could have caused such a significant complexity of back symptoms."

On May 5, 2014, claimant underwent a functional capacity evaluation. On May 19, 2014, Dr. Markham reviewed the results of this evaluation. His notes from that date provide, in

---

[1] Commissioner Marshall agreed with the majority that the deputy commissioner erred in requiring employer to provide a panel of pain management specialists. However, he dissented from that part of the majority opinion finding claimant had not established entitlement to a second opinion.

part:  "At this time, I've told [claimant] that I really have nothing further to offer for her back. She certainly is capable of seeking a second opinion.  I don't have any further way of treating her.  She will return prn."[2]  On June 26, 2014, claimant sought treatment from her family doctor, Dr. Randall Fedro, who referred her to pain management, indicating he had nothing else to offer her.

The commission found that Dr. Markham, claimant's "last treating specialist," concluded he "had nothing further to offer the claimant.  However, there was no evidence (or claim) that Dr. Markham provided less than reasonable and necessary medical treatment."  The commission further opined that Dr. Markham "expressed his agreement that the claimant had the option to seek a second opinion—yet he did not refer her for a second opinion."  Thus, the commission found claimant proved no basis for employer's payment of a second opinion.

The commission reversed the deputy commissioner's opinion finding claimant was entitled to a second opinion and directing employer to provide a panel of pain management specialists.

Analysis

"Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

"We do not judge the credibility of witnesses or weigh the evidence on appeal.  'It is our duty to determine whether credible evidence supports the Commission's finding . . . and, if such evidence exists, to sustain the finding.'"  Celanese Fibers Co. v. Johnson, 229 Va. 117, 120-21,

---

[2] "Prn" is an acronym for the Latin term *pro re nata*, which means "according to circumstances; as necessary."  Taber's Cyclopedic Medical Dictionary 1909 (22d ed. 2009).

326 S.E.2d 687, 690 (1985) (quoting Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983)).

In her first two assignments of error, claimant argues the commission erred by arbitrarily disregarding her hearing testimony before the deputy commissioner and the deputy commissioner's finding that her testimony was credible. However, the record does not show that the commission arbitrarily disregarded claimant's testimony or the deputy commissioner's finding.

In his opinion, the deputy commissioner stated, "[Claimant] credibly testified that she has experienced persistent problems in her lower back since her . . . accident." The deputy commissioner later stated:

> Given the credibility assigned to [claimant]'s testimony after personal observation regarding the extent of her pain and her attempts to continue working for the employer, it is found that she proved that she continues to experience low back pain as a result of her industrial accident and that she is entitled to palliative care for this pain.

However, as the commission's opinion states in footnote two of the majority opinion, "Contrary to the lower findings, the claimant did not testify to suffering ongoing back problems. She stated that she had recently treated with Dr. Markham which implies continuous complaints but she did not affirmatively state such." The record supports this finding. At the hearing before the deputy commissioner, claimant testified she was currently under an award for a work-related accident. She described how she injured her back. She testified she had treated with Dr. Markham and he told her it was "up to me to get a second opinion." Claimant did not specifically testify she was having ongoing back pain.

Other than footnote two in the opinion, the commission did not address the credibility of the claimant. Thus, contrary to claimant's assertion, the commission did not arbitrarily disregard

claimant's testimony or find it to be incredible. Rather, the commission found claimant did not testify to "suffering ongoing back problems" as the deputy commissioner found in his opinion.

Furthermore, we do not find the credibility of claimant or whether the commission disregarded a finding by the deputy commissioner to be the pertinent issues in this case. Rather, this case turns on the issue of whether Dr. Markham referred claimant for a second opinion.

Claimant contends the commission erred in finding she did not prove she was entitled to a second opinion at employer's expense. Claimant also asserts in her opening brief that her request for a second opinion "is borne directly from a referral from Dr. Markham, her treating physician at the time." The commission found the evidence did not show Dr. Markham referred claimant for a second opinion.

Code § 65.2-603 states, in pertinent part: "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention." "Once the selection is made, 'the employee is not at liberty to change therefrom unless referred by said physician, confronted with an emergency, or given permission by the employer and/or its insurer or [the] Commission.'" Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989) (quoting Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 126, 348 S.E.2d 420, 421 (1986)).

"It may not be unreasonable for a person to want to discuss treatment with a trusted family physician, but nothing in the act makes an employer liable for the advice after the employer provides a treating physician. See Code § 65.[2-603]." Rucker v. Thrift Transfer, Inc., 1 Va. App. 417, 420, 339 S.E.2d 561, 563 (1986) (decided under former Code § 65.1-88, recodified as Code § 65.2-603).

"Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal." Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Indeed, "[m]atters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission and are conclusive and binding on the Court of Appeals." Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990).

Dr. Markham's May 19, 2014 notes state, "[Claimant] certainly is capable of seeking a second opinion. I don't have any further way of treating her. She will return prn." Thus, the record shows that Dr. Markham did not state he would not see claimant in the future. Rather, he indicated claimant would "return" to see him as necessary. Dr. Markham did not seek a consultation or other treatment. Further, Dr. Markham's notes reflect his recognition that claimant had the ability to pursue a second opinion, but he did not specifically refer her to another physician. See Rucker, 1 Va. App. at 419-20, 339 S.E.2d at 562-63 (affirming commission's finding that a letter from treating physician to another doctor stating claimant "'was again advised to return to see you so that you may release him to physical activity as you see fit'" constituted a referral). But see McDaniel v. Triple B. Mech. Contractor, No. 0319-85 (Va. Ct. App. Jan. 8, 1986) (finding that where doctor told claimant "he was free to see any other doctor," this did not "constitute a medical referral").

In addition, claimant testified Dr. Markham told her "that it was up to me to get a second opinion." Moreover, as the commission found, the record contains no evidence, and claimant

- 7 -

does not contend, that Dr. Markham "provided less than reasonable and necessary medical treatment."

We conclude that Dr. Markham's note stating claimant "certainly is capable of seeking a second opinion," coupled with claimant's testimony, constitute credible evidence to support the commission's factual finding that Dr. Markham did not refer claimant for a second opinion. Having found that credible evidence supports the commission's factual finding that Dr. Markham did not refer claimant for a second opinion, we are bound by that finding on appeal. See Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002) ("If supported by credible evidence, the factual findings of the commission are binding on appeal. Code § 65.2-706(A)."). Therefore, we hold the commission did not err in finding claimant failed to prove a basis for a second opinion.

In her fourth assignment of error, claimant argues the commission erred in finding she was not entitled to an employer-provided panel of pain management specialists. Claimant asserts the commission did not review the deputy commissioner's decision directing employer to provide claimant with a panel of pain management specialists. She asks that this assignment of error be remanded to the commission to be heard on the merits.

The deputy commissioner's opinion states, "[Claimant] is found to be entitled to a second opinion from a pain management specialist." The deputy commissioner then found employer was responsible for providing claimant with a panel of pain management specialists so that she could seek treatment recommended by Dr. Fedro. The decision of the full commission specifically concludes, "The portion of Deputy Commissioner's October 27, 2014 Opinion directing the employer to provide a panel of pain management specialists is REVERSED and

VACATED."[3]  Therefore, the full commission addressed this issue and we decline to remand this issue back to the commission.

For the foregoing reasons, the decision of the commission is affirmed.

Affirmed.

---

[3] The commission's opinion also acknowledged that Dr. Fedro had recommended a referral to pain management.  However, the commission concluded this evidence was insufficient to direct employer to provide a second opinion for claimant, stating, "The physician merely made the referral because he had nothing to offer.  Moreover, we emphasize that the claimant had previously undergone extensive treatment with a pain management specialist." Harvey v. Old Dominion Univ., No. VA00000494883, at 6 (Va. Workers' Comp. Comm'n Jan. 29, 2015).